UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
INTESA SANPAOLO S.p.A.,          08 CV 2223

                Plaintiff,          :

    - against -          :          **COMPLAINT**

ROBERT D. PILIERO, EDWARD J.          :
GOLDSTEIN, and JOHN DERMOTT
MITCHELL,          :

                Defendants.          :
------------------------------------------------------x

    Plaintiff Intesa Sanpaolo S.p.A. ("Plaintiff"), by its attorneys, Gilmartin, Poster & Shafto LLP, for its complaint herein, avers as follows:

    1.    Plaintiff was at all relevant times, and still is, a corporation organized and existing under and by virtue of the laws of the Republic of Italy and is licensed to conduct a banking business in the State of New York through a branch located at One William Street, New York, New York 10004. Plaintiff maintains its principal place of business in Milan, Italy.

    2.    Plaintiff was formerly known as Banca Intesa S.p.A. ("Intesa"), which was the successor by merger to Cariplo-Cassa Di Risparmio Delle Provincie Lombarde S.p.A. ("Cariplo").

    3.    Defendants Robert D. Piliero, Edward J. Goldstein, and John Dermott Mitchell (collectively, "Defendants") are each individuals who at all relevant times were, and still are, citizens and residents of the State of New York.

4. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332(a) and (c) because the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs, and is between citizens of a state and a citizen of a foreign state.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(a).

6. On or about January 1, 1994, Cariplo's New York Branch, as tenant, entered into a lease ("Lease") with New Millennium Estates Ltd., as landlord, for premises located on the 35th and 36th floors in the building known as 10 East 53rd Street, New York, New York ("Premises"). The term of the Lease extended to December 31, 2008.

7. On or about March 20, 2003, Intesa, as sublandlord and successor-in-interest to Cariplo, entered into a sublease with Piliero, Goldstein, Kaiser & Mitchell, LLP, as subtenant ("Subtenant"), for the Premises for a term commencing on April 1, 2003 and ending December 29, 2008. That sublease, as subsequently amended by a First Amendment to Sublease, dated January 22, 2004, is hereinafter referred to as the "Sublease."

8. The Sublease incorporated all the relevant and material terms of the Lease and applied them to the relationship between Intesa and the Subtenant.

9. On or about March 20, 2003, each of the Defendants, who were individual partners in the Subtenant, signed an Agreement and Guarantee ("Guarantee") pursuant to which they, jointly and severally, absolutely and

unconditionally guaranteed the payment and performance of Subtenant's obligations under the Sublease.

10. In connection with the First Amendment to Sublease, on or about January 15, 2004, each of the Defendants confirmed in writing that their Guarantee applied with equal force and effect to the Sublease as amended by the First Amendment to Sublease.

11. Subtenant defaulted under the Sublease by not paying the rent, operating expense and tax escalation for October and November 2007 in the aggregate amount of $126,455.36, plus electricity charges aggregating $8,890.86, for a total arrears of $135,346.22 ("Arrears").

12. Subtenant purported to vacate the Premises by November 30, 2007 (although the Premises were not left broom clean and certain equipment had not yet been removed as the Sublease required).

13. In addition to the Arrears, Subtenant is liable to Plaintiff, inter alia, for the rent for the balance of the term of the Sublease (i.e., until December 31, 2008) less a credit for the proceeds received by Plaintiff from re-letting the Premises, net of the expenses incurred by Plaintiff in re-letting ("Post-Vacation Damages").

14. Plaintiff has re-let the Premises. After crediting the net proceeds of re-letting, Subtenant still owes Plaintiff Post-Vacation Damages that exceed the aggregate of rent heretofore paid under the Sublease and the amount of the security that was held by Plaintiff.

15. As was its right under the terms of the Lease that were expressly incorporated into the Sublease, Plaintiff elected to apply Subtenant's rent payments and security to reduce the Post-Vacation Damages owed to it by Subtenant.

16. The Arrears remain unpaid after application by Plaintiff of the security.

17. Under the terms of the Guarantee, the joint and several liability of each of the Defendants ends as to obligations accruing under the Sublease once the Subtenant gives Plaintiff vacant possession of the Premises in accordance with the terms of the Sublease, but Defendants remain jointly and severally liable for the Arrears, plus $1,200 in additional cleaning costs incurred because the Premises were not broom clean, as required by the Sublease.

18. The Guarantee provides that Plaintiff "may make demand and enforce this Guarantee before drawing on any letter of credit or other security [Subtenant] has furnished [Plaintiff] and that Guarantors' obligations under this Agreement and Guarantee are not reduced, secured or affected by the existence of any such security. . ."

19. Under the terms of the Guarantee, Defendants are also jointly and severally liable for Plaintiff's expenses and damages, including but not limited to counsel fees and disbursements, arising from any default by Subtenant under the Sublease or a default under the Guarantee.

20. Despite repeated demands by Plaintiff, none of the Defendants have paid any portion of the Arrears.

21. Plaintiff has duly performed all of its obligations under the Sublease and Guarantee.

22. By reason of the foregoing, each of the Defendants is in default under the Guarantee and is liable to Plaintiff in the amount of $136,546.22, plus interest and collection expenses, including counsel fees.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in the amount of $136,546.22, plus interest, and awarding Plaintiff costs and disbursements of suit, counsel fees, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
       March 5, 2008

GILMARTIN, POSTER & SHAFTO LLP

By: /s/ Michael C. Lambert
Michael C. Lambert (ML-3408)
845 Third Avenue
New York, New York 10022
(212) 425-3220
Attorneys for Plaintiff Intesa Sanpaolo S.p.A.