UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

INTESA SANPAOLO S.p.A.,                    08 Cv. 2223 (LLS)

                           Plaintiff,
  -against-

ROBERT D. PILIERO, EDWARD J.               ANSWER AND CROSS CLAIM
GOLDSTEIN, and JOHN DERMOTT
MITCHELL,
                           Defendants.
_____

ROBERT D. PILIERO and EDWARD J.
GOLDSTEIN,
                         Third-Party Plaintiffs,
  -against-

NEW MILLENNIUM ESTATES LTD,
COLLIERS ABR, RICHARD MICHAELS and
JAMES FREDERICK,
                         Third-Party Defendants.
_____

      Defendant John Dermott Mitchell ("Mitchell") through his attorneys Nixon Peabody hereby asserts as his Answer to the Complaint of plaintiff Intesa Sanpaolo S.p.A. ("Plaintiff" or "Intesa") as follows:

      1.     Denies knowledge or information sufficient to form a belief with respect to the allegations set forth in Paragraph 1 of the Complaint.

      2.     Denies knowledge or information sufficient to form a belief with respect to the allegations set forth in Paragraph 2 of the Complaint.

      3.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 3 of the Complaint, except admits that Mitchell was at all relevant times a citizen and resident of the State of New York.

4. Denies the allegations set forth in Paragraph 4 of the Complaint on the ground that they call for legal conclusions as to which no response is required.

5. Denies the allegation set forth in Paragraph 5 of the Complaint on the ground that it calls for a legal conclusion as to which no response is required.

6. Denies knowledge or information sufficient to form a belief with respect to the allegations set forth in Paragraph 6 of the Complaint.

7. Admits the allegations set forth in Paragraph 7 of the Complaint, except denies knowledge or information sufficient to form a belief as to whether Intesa is the successor-in-interest to Cariplo-Cassa di Risparmio Delle Provincie Lombarde S.p.A.

8. Denies the allegations set forth in Paragraph 8 of the Complaint, and refers to the sublease documents for a complete and accurate statement of their terms.

9. Denies the allegations set forth in Paragraph 9 of the Complaint, except: admits that Mitchell was a partner in a limited liability partnership named Piliero Goldstein Kaiser and Mitchell, LLP ("PGKM"); admits that he signed an Agreement and Guarantee dated March 20, 2003 (the "Guarantee"), and refers to that document for a complete and accurate statement of its terms; and affirmatively alleges that the Guarantee was a so-called "Good Guy" Guarantee pursuant to which Intesa had specifically agreed, in the paragraph labeled "Fourth," that "the obligations of the Guarantors will end after [Intesa] receives vacant possession of the Demised Premises in the condition they are required to be surrendered under the Sublease; and" PGKM's right to possession of the premises "has terminated and cannot be revived;" and further affirmatively alleges that the Guarantee also specifically provided, in the paragraph labeled "Fifth," that the Guarantors' obligation under the Guarantee would be "reduced to zero" as of March 19, 2006 as long as PGKM paid and performed all its obligations under the Sublease

through that date and as long as the conditions of the paragraph labeled "Fourth" were satisfied; and further affirmatively alleges upon information and belief that the conditions precedent to full exoneration and release of the Guarantors under the terms of the Guarantee have occurred.

10. Denies the allegations set forth in Paragraph 10 of the Complaint, as it pertains to Mitchell; denies knowledge and information sufficient to form a belief as to any of the other defendants and refers to the documents to which reference is made for a complete and accurate statement of their terms.

11. Upon information and belief denies the allegations set forth in Paragraph 11 of the Complaint, and affirmatively alleges upon information and belief that all amounts owed to Intesa were paid to it in full on or before November 30, 2007.

12. Upon information and belief denies the allegations set forth in Paragraph 12 of the Complaint, except admits that the subject premises were vacated on or before November 30, 2007, and affirmatively alleges that the condition of the subject premises was in material compliance with the relevant provisions of all these documents.

13. Denies the allegations set forth in Paragraph 13 of the Complaint.

14. Upon information and belief denies the allegations set forth in Paragraph 14 of the Complaint, except admits upon information and belief that Intesa re-let the premises effective January 1, 2008, only one month after said premises were vacated.

15. Upon information and belief denies the allegations set forth in Paragraph 15 of the Complaint, and upon information and belief affirmatively alleges the following:

(a) as of November 30, 2007, the total amount then claimed by Intesa to be due with respect to the subject premises was $133,576.15;

(b) by letter dated November 20, 2007, PGKM advised counsel for Intesa that: (i) PGKM intended to vacate the subject premises on or before November 30, 2007; (ii) PGKM understood that the total amount claimed by Intesa to be due from PGKM under the sublease was for the months of October and November 2007, in the aggregate amount of $133,576.15; and (iii) PGKM intended to pay that amount in full on or before November 30, 2007 by providing Intesa with a check in the amount of $13,858.15 and written authorization for Intesa to draw down on the $119,718 letter of credit that had been posted as collateral security under the Sublease;

(c) Intesa did not advise PGKM of any dispute with respect to the amount owed (in fact, the amount was the same amount as reflected in Intesa's outstanding invoices), nor did it advise PGKM that it intended to allocate the payments to be made by PGKM in any manner different from that specified in PGKM's November 20, 2007 letter;

(d) by letter dated November 30, 2007, and delivered by hand to Intesa's counsel that same day, PGKM did in fact authorize Intesa to draw down on the letter of credit in the amount of $119,718, and did in fact enclose a check in the amount of $13,858.15, which together aggregated $133,576.15 for the months of October and November 2007, which was the total amount that was then claimed by Intesa to be due from PGKM with respect to the subject premises;

(e) on or before November 30, 2007, PGKM delivered vacant possession of the premises to Intesa in the condition required under the Sublease;

(f) almost immediately after receiving PGKM's written authorization, Intesa did in fact draw down on the letter of credit in the amount of $119,718 by falsely representing to the issuing bank that that sum was in fact due and owing.

16. Upon information and belief denies the allegations set forth in Paragraph 16 of the Complaint.

17. Denies the allegations set forth in Paragraph 17 of the Complaint and refers to the Guarantee for a complete and accurate statement of its terms.

18. Denies the allegations set forth in Paragraph 18 of the Complaint, and refers to the Guarantee for a complete and accurate statement of its terms.

19. Denies the allegations set forth in Paragraph 19 of the Complaint, and refers to the Guarantee for a complete and accurate statement of its terms.

20. Denies the allegations set forth in Paragraph 20 of the Complaint as it pertains to Mitchell and upon information and belief admits that Intesa, through its counsel, has made repeated demands on Defendants Piliero and Goldstein for the payment of amounts to which Intesa has no entitlement, and that Defendants Piliero and Goldstein have refused to pay such amounts.

21. Upon information and belief denies the allegations set forth in Paragraph 21 of the Complaint, and affirmatively alleges that the conduct of Intesa in the months preceding PGKM's vacating of the premises constituted multiple breaches of the covenant of good faith and fair dealing that is legally implied into the contracts between Intesa and defendants Piliero and Goldstein under the terms of the Guarantee.

22. Denies the allegations set forth in Paragraph 22 of the Complaint.

### **FIRST DEFENSE**

23. The Complaint and each and every claim thereof fails to state a claim upon which relief may be granted against Mitchell.

## SECOND DEFENSE

24. Mitchell has no liability under the Guarantee.

## THIRD DEFENSE

25. Intesa has received all amounts to which it is entitled under the Guarantee.

## FOURTH DEFENSE

26. As a result of the acts, conduct, and omissions of Plaintiff, its agents, and Third-Party Defendants, each and every claim and cause of action presented in the Complaint has been waived.

## FIFTH DEFENSE

27. As a result of the acts, conduct and omission of Plaintiffs, its agents, and Third-Party Defendants, each and every claim and cause of action presented in the Complaint is barred by the doctrine of estoppel.

## SIXTH DEFENSE

28. Plaintiff is barred from recovering on each and every claim and cause of action presented in the Complaint by the doctrine of unclean hands.

## SEVENTH DEFENSE

29. Each and every claim and cause of action of Plaintiff is barred on the grounds that Plaintiff has failed to join one or more indispensable parties.

## EIGHTH DEFENSE

30. Each and every claim and cause of action of Plaintiff is barred in whole or in part because any harm or damage(s) alleged is not legally attributable to the acts or omissions of Mitchell.

### NINTH DEFENSE

31. Each and every claim and cause of action of Plaintiff is barred in whole or in part because Plaintiff's alleged losses, if any, were caused by Plaintiff's own conduct (or conduct of Plaintiff's agents) and/or misconduct, and/or the supervening and intervening actions of third parties.

### TENTH DEFENSE

32. Each and every claim and cause of action of Plaintiff is barred in whole or in part by the doctrine of in pari delicto.

### ELEVENTH DEFENSE

33. Plaintiff's claims are barred by the doctrine of estoppel.

## CROSS CLAIMS FOR CONTRIBUTION AND INDEMNIFICATION

34. Defendant Mitchell, by way of cross claims against his co-defendants Robert D. Piliero and Edward J. Goldstein and the third party defendants New Millennium Estates Ltd., Colliers ABR, Richard Michaels and James Frederick says:

35. On information and belief, other parties engaged in culpable conduct which contributed to or caused plaintiff's damages, if any.

36. Accordingly, if Mitchell is held liable in whole or in part, he is entitled to contribution or indemnification from other parties.

37. Further, if Mitchell is held liable in whole or in part, he is entitled to indemnification from his former partners pursuant to written agreements and law.

WHEREFORE, Defendant Mitchell demands judgment as follows:

(a) dismissing the complaint asserted against him by Intesa; or in the alternative,

(b)     entering an order requiring contribution and/or indemnification on any and all amounts assessed against Mitchell from his co-defendants or the third party defendants in this action, jointly and severally, and for all amounts as to which Mitchell may be found liable to Intesa; and

(c)     requiring Intesa or the cross claim defendants to reimburse Mitchell for all costs and expenses, including reasonable attorneys' fees incurred in connection with this action.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38, Fed. R. Civ. P., Defendant John Dermott Mitchell demands trial by jury on all issues to triable.

Dated: May 8, 2008

                      NIXON PEABODY, LLP

BY: _____
      Cathy Fleming (CF-2682)
      437 Madison Avenue
      New York, NY 10022
      (212) 940-3000
      Attorneys for Defendant John Dermott Mitchell

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

INTESA SANPAOLO S.p.A.,      08 Cv. 2223 (LLS)

                      Plaintiff,

-against-

ROBERT D. PILIERO, EDWARD J.     <u>AFFIDAVIT OF SERVICE</u>
GOLDSTEIN, and JOHN DERMOTT
MITCHELL,

                      Defendants.

---

STATE OF NEW YORK   )
                            : ss.:
COUNTY OF NEW YORK )

      Ann Poznanski, being duly sworn, deposes and says:

      1.    I am over the age of eighteen and am employed by Nixon Peabody LLP, the attorneys for Defendant John Dermott Mitchell.

      2.    On May 8, 2008, a copy of Defendant Mitchell's Answer and Cross Claim was served by facsimile and regular U.S. Mail upon:

Michael C. Lambert Esq.
Gilmartin, Poster & Shafto
845 Third Avenue, 18th floor
New York, NY 10022
Counsel for Plaintiff

Craig A. Newman
Richards Kibbe & Orbe LLP
One World Financial Center
New York, New York 10281-1003
Counsel for Defendants Piliero and Goldstein

Sworn to before me on this                                       Ann Poznanski
8th day of May 2008

_____
Notary Public

YANCY FLEETWOOD
Notary Public, State of New York
No. 01-FL6034777
Qualified in New York County
Commission Expires Dec. 20, 20 09

11011815.1