UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------------------------------x
INTESA SANPAOLO S.p.A.,                         :

                Plaintiff,           :       08 Civ. 2223 (LLS)

               - against -          :       **ANSWER TO THIRD-PARTY COMPLAINT, ANSWER TO CROSS-CLAIM, AND AFFIRMATIVE DEFENSES**

ROBERT D. PILIERO, EDWARD J.                    :
GOLDSTEIN, and JOHN DERMOTT
MITCHELL,                                       :

                Defendants.          :

------------------------------------------------------------x
ROBERT D. PILIERO, and EDWARD J.                :
GOLDSTEIN,
                                     :

                Third-Party Plaintiffs,  :

               - against -          :

NEW MILLENNIUM ESTATES LTD,                     :
COLLIERS ABR, RICHARD MICHAELS and
JAMES FREDERICK,                                :

                Third-Party Defendants.  :
------------------------------------------------------------x

      Third-Party Defendant New Millennium Estates Ltd. ("Defendant"), through its attorneys, WolfBlock LLP, as and for its Answer to Third-Party Plaintiffs' Complaint ("the Third-Party Complaint"), states as follows as to each of the below numbered paragraphs of the Third-Party Complaint:

      1.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

      2.    Admitted that Defendant is the landlord pursuant to a lease for certain premises located at 10 East 53rd Street, New York, New York ("the premises") dated January 1, 1994.

NYC:769816.1

Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

3. Admitted that Defendant has a contractual relationship with Colliers ABR regarding the premises. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6. This paragraphs contains a legal assertion to which no response is required.

7. Admitted that Defendant owns the premises. The remaining allegations of this paragraph are not directed at Defendant or contain legal assertions to which no response is required.

8. This paragraphs contains a legal assertion to which no response is required.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

10. Denied as to the third sentence of this paragraph. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

26. Denied, to the extent this paragraph is directed at Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

27. Denied.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

28. The Third-Party Complaint fails to set forth a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

29. Defendant, as owner and landlord of the premises, was justified in any actions or inactions it took with regard to its own economic interests in the premises.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

30. Third-Party Plaintiffs lack privity with Defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

31. Third-Party Plaintiffs have waived any claim for damages against Defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

32. Third-Party Plaintiffs are estopped from seeking any damages against Defendant.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

33. Third-Party Plaintiffs' claims must fail, in whole or in part, because it has not sustained and will not sustain any damages from Defendant's alleged conduct.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

34.    Third-Party Plaintiffs' claims must fail, in whole or in part, because it has failed to mitigate any alleged damages.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

35.    Third-Party Plaintiffs' claims must fail, in whole or in part, because any alleged injuries are the result of acts of necessary or indispensable parties who have not been joined in this lawsuit.

**PRAYER FOR RELIEF ON THIRD-PARTY PLAINTIFFS' COMPLAINT**

WHEREFORE, New Millennium Estates Ltd. respectfully requests the Court enter judgment dismissing the Third-Party Complaint, and granting such other and further relief as the Court deems just, equitable and proper, including attorneys' fees and costs.

**ANSWER TO CROSS-CLAIM**

Third-Party Defendant New Millennium Estates Ltd. ("Defendant"), through its attorneys, WolfBlock LLP, as and for its Answer to the Cross-Claim of Defendant John Dermott Mitchell ("the Cross-Claim"), states as follows:

36.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35.

37.    Paragraph 36 is denied, to the extent this paragraph is directed at Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

38.    The Cross-Claim fails to set forth a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

39. Defendant John Dermott Mitchell lacks standing to assert a cross-claim against Defendant.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

40. Defendant John Dermott Mitchell lacks privity with Defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

41. Defendant John Dermott Mitchell has waived any claim for damages against Defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

42. Defendant John Dermott Mitchell is estopped from seeking any damages against Defendant.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

43. Defendant John Dermott Mitchell has failed to serve defendant with process.

### PRAYER FOR RELIEF ON CROSS-CLAIM

WHEREFORE, New Millennium Estates Ltd. respectfully requests the Court enter judgment dismissing the Cross-Claim, and granting such other and further relief as the Court deems just, equitable and proper, including attorneys' fees and costs.

Dated: New York, New York
       June 30, 2008

                              WOLFBLOCK LLP

                              By: /s/
                                  Kenneth G. Roberts (kroberts@wolfblock.com)
                                  James L. Simpson (jsimpson@wolfblock.com)
                              250 Park Avenue
                              New York, NY  10177
                              (212) 986-1116

                                  Attorneys for Third-Party Defendant
                                  New Millennium Estates Ltd.