UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

INTESA SANPAOLO, S.p.A.,

                Plaintiff,          08 Cv. 2223 (LLS)

   -against-

ROBERT D. PILIERO, EDWARD J. GOLDSTEIN,
and JOHN DERMOTT MITCHELL,

                Defendants.

---

ROBERT D. PILIERO and EDWARD J. GOLDSTEIN,

                Third-Party Plaintiffs,

   -against-

NEW MILLENNIUM ESTATES LTD., COLLIERS ABR,
RICHARD MICHAELS and JAMES FREDERICK,

                Third-Party Defendants.

---

**MEMORANDUM OF DEFENDANT JOHN DERMOTT MITCHELL
IN OPPOSITION TO MOTION TO DISMISS THE CROSS CLAIM OF JOHN
DERMOTT MITCHELL OF DEFENDANTS COLLIERS
ABR, INC., RICHARD MICHAELS AND JAMES FREDERICK**

Defendant John Dermott Mitchell ("Mitchell"), through his attorneys Nixon Peabody LLP, respectfully submits this memorandum of law in opposition to the motion to dismiss filed by third-party defendants Colliers ABR, Inc., Richard Michaels and James Frederick.

Mitchell will not burden the Court with an additional recitation of facts beyond what has already been filed in this matter, in view of the fact that this application is one to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. As such, the Court is obligated to assume all facts that are pled against the movant and

draw all favorable inferences of the party defending the pleading. Coty Inc. v. L'Oreal S.A., 2008 U.S. Dist. LEXIS 7857, 9-10 (S.D.N.Y. Feb. 1, 2008).

In or about March 2003, the plaintiff in this case, Intesa SanPaola S.p.A., entered into a sublease with a law firm known as Piliero, Goldstein, Kaiser & Mitchell LLP. ("Sublease"). According to the complaint, at the same time each of the defendants signed a guarantee for the performance of the obligations under the lease.

John Mitchell withdrew from the law firm on or about December 31, 2004. Mitchell has not been a member of the law firm from that time forward.

In or about March 2008, plaintiff sued Mitchell (along with others) as a guarantor on the sublease alleging an outstanding amount due on the sublease of $136,546.22 (plus interest and collection expenses) stemming from rent and related expenses in October and November 2007, some three years after Mitchell withdrew from the partnership. Mitchell answered, denying liability pertaining to the sublease. Mitchell has not had personal dealings with third-party defendants New Millennium Estates Ltd., Colliers ABR Inc., Richard Michaels and James Frederick, but has a good faith basis to believe that the third-party defendants may have contributed through tortious conduct to damages, if any, suffered by the plaintiff by virtue of vacant space.

No discovery has been taken in the case and the evidence had not been adduced. Nonetheless, with a good faith basis, Mitchell asserted a cross claim against the third-party defendants to put them on notice of his position that, if he is found liable, then he would seek contribution and/or indemnification for third-party defendants' "culpable conduct." The cross-claim alleges in pertinent part that "on information and belief, other parties engaged in culpable conduct which contributed to or caused plaintiff's damages, if any" and "accordingly, if Mitchell

is held liable in whole or in part, he is entitled to contribution or indemnification from other parties." (See Answer and Cross Claim of Defendant Mitchell at ¶¶ 36 and 37.)

Initially, we note that an application to dismiss – with prejudice – is particularly inappropriate in the context of claims for contribution and indemnification. A claim for contribution or indemnification does not accrue at the time of the commission of the underlying act, but rather at the time of the payment of the judgment flowing from the act. See Blum v. Good Humor Corp., 57 A.D.2d 911, 394 N.Y.S.2d 894, 896 (N.Y. App. Div. 1977); Taca International Airlines, S.A. v. Rolls Royce of England, Ltd., 47 Misc. 2d 771, 263 N.Y.S.2d 269, 272 (N.Y. Sup. Ct. 1965). Although such a claim does not mature until payment is made, the New York Civil Practice Code permits a defendant to institute a third-party claim against a party who may be liable to him for all or part of the plaintiff's claim after service of his answer. N.Y. Civ. Prac. Law Sec. 1007 (McKinney 1976). See In the Matter of M. Frenville Co., Inc., 11 Collier Bankr. Cas. 2d 491. As noted by that Court,

> Technically a claim for indemnity does not arise until the prime obligation to pay has been established .... Nevertheless, for the sake of fairness and judicial economy [N.Y. Civ. Prac. Law Sec. 1007] allows third-party actions to be commenced in certain circumstances before they are technically ripe, so that all parties may establish their rights and liabilities in one action ....

Burgundy Basin Inn v. Watkins Glen Grand Prix Corp., 51 A.D.2d 140, 379 N.Y.S.2d 873, 880 (1976 N.Y. App. Div.) (citations omitted).

Further, the basis for the claims is "culpable" conduct – not contract.

In its five one half page elucidation of the "facts," the movant never confronts the simple allegation set forth by Defendant Mitchell in paragraph 35, the second full paragraph, to contribution and indemnification which states briefly "... other parties engaged in culpable conduct which contributed to or caused plaintiff's damages...." Assuming the fact alleged to be

true, that other parties indeed engaged in culpable conduct which contributed or caused plaintiff's damages, the claims for contribution and indemnification lie in tort and the application at this time, pre-discovery, is both premature and ill-founded. See <u>Hydro Investors, Inc. v. Trafalgar Power, Inc.</u>, 227 F.3d 8, 20 (2d Cir. 2000). Accordingly, it is the position of Defendant Mitchell that the motion to dismiss is premature, ill-founded as a matter of law, and should be denied.[1]

Dated: July 14, 2008

NIXON PEABODY, LLP

BY: _____
Cathy Fleming (CF-2682)
437 Madison Avenue
New York, NY 10022
(212) 940-3000
Attorneys for Defendant John Dermott Mitchell

---

[1] At a minimum, if the Court were to dismiss, the dismissal should be without prejudice.

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2008, I caused to be served the foregoing Memorandum of Defendant John Dermott Mitchell in Opposition to the Motion to Dismiss the Cross Claim of John Dermott Mitchell of Third-Party Defendants Colliers ABR, Inc., Richard Michaels and James Frederick through the court's electronic notification system to all registered counsel.

_____
Cathy Fleming