```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
INTESA SANPAOLO S.p.A.,

            Plaintiff,

    - against -                            08 Civ. 2223 (LLS)

ROBERT D. PILIERO, EDWARD J. GOLDSTEIN,    OPINION and ORDER
and JOHN DERMOTT MITCHELL,

            Defendants.
---------------------------------------x
ROBERT D. PILIERO and EDWARD J. GOLDSTEIN,


            Third-Party Plaintiffs,

    - against -

NEW MILLENNIUM ESTATES LTD., COLLIERS ABR
INC., RICHARD MICHAELS, and JAMES FREDERICK,

            Third-Party Defendants.
---------------------------------------x
```

The third-party defendants (except New Millennium Estates Ltd.) move to dismiss the third-party complaint, and the "cross-claims" of defendant Mitchell, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state claims upon which relief can be granted. The issues raised by the motion are disposed of as follows:

1.

The motion is granted to the extent of dismissing Mitchell's "cross-claims" seeking contribution or indemnification from the third-party defendants.

-1-

There is no allegation that the third-party defendants expressly agreed to indemnify Mitchell, so his indemnification claims against them must rest on an indemnity implied in fact or in law. Peoples' Democratic Republic of Yemen v. Goodpasture, Inc., 782 F.2d 346, 351 (2d Cir. 1986). New York law bars Mitchell's claims against the third-party defendants for contribution and non-contractual indemnification because the claim against him is for breach of contract, not a tort. See Board of Educ. of Hudson City School Dist. v. Sargent, Webster, Crenshaw & Folley, 71 N.Y.2d 21, 24 (1987)("The issue presented on this appeal is whether CPLR 1401 permits contribution between two parties whose potential liability to a third party is for economic loss resulting only from a breach of contract. We conclude that it does not.");[1] National Union Fire Ins. Co. of Pittsburgh, PA v. Barney Assoc., No. 89 Civ. 3235, 1992 U.S. Dist. LEXIS 15230, *7 (S.D.N.Y. Oct. 6, 1992)("Paule cannot assert a claim for contribution because the initial action by National Union against Paule was a contract action, not a tort action as required by N.Y. C.P.L.R. § 1401."); Highland Capital Management, L.P. v. Schneider, 533 F. Supp. 2d 345, 354 (S.D.N.Y. 2008)("Fatal to the Schneiders' implied-in-law indemnification claim is that the underlying claim by Highland sounds in contract, and not tort.").

---

[1]   N.Y. C.P.L.R. § 1401 grants contribution only for "personal injury, injury to property or wrongful death."

Nor may Mitchell sustain claims for indemnification implied in fact because he does not allege that he delegated to the third-party defendants all of the duties he may owe to plaintiff under the Agreement and Guarantee. Under New York law, "No right to implied indemnification exists when the proposed indemnitee retains a duty it owes directly to the plaintiff." Matter of Poling Trans. Corp., 784 F. Supp. 1045, 1048 (S.D.N.Y. 1992); accord Guzman v. Haven Plaza Housing Development Fund Co., Inc., 69 N.Y.2d 559, 567-69 (1987)(landlord sued by tenant's employee for personal injuries sustained on defective stairwell could not claim implied indemnification against tenant where the lease "did not totally divest [the landlord] of control over or responsibility for repairs and maintenance").

2.

The motion is also granted to the extent it seeks dismissal of the third-party complaint's claims for negligent misrepresentation, fraud and deceit, and tortious interference with the Guarantee.

The claims for negligent misrepresentation, fraud and deceit must be dismissed because the third-party complaint pleads no facts showing that any of the statements made by third-party defendants Michaels and Frederick was false. See

-3-

Kamhi v. Tay, 244 A.D.2d 266, 267 (1st Dep't 1997)(claims for fraud and for negligent misrepresentation properly dismissed "because nothing in the brochure constituted a false representation").

The claim that the third-party defendants tortiously interfered with the Guarantee must be dismissed because the third-party complaint does not sufficiently allege causation. To state a claim for tortious interference with the Guarantee, the third-party complaint must allege that the third-party defendants caused the breach of the Guarantee, i.e., that the third-party plaintiffs would not have breached the Guarantee but for the third-party defendants' wrongful conduct. See CDR Créances S.A. v. Euro-American Lodging Corp., 40 A.D.3d 421, 422 (1st Dep't 2007)("The tortious interference cause of action was deficient for failure to allege the required 'but for' causation and intent to induce a breach in nonconclusory fashion."). The third-party complaint alleges that the third-party defendants obstructed the third-party plaintiffs' efforts to substitute a new tenant when they prematurely left the rented space, thus causing any loss of rental income and other damages plaintiff suffered. But it is not the failure to put a substitute tenant in place which forms the basis for plaintiff's suit. The Complaint against the third-party plaintiffs and Mitchell alleges that they breached the Guarantee by not paying plaintiff

-4-

$136,546.22 in rent and other charges and expenses owed under the sublease. Compl. ¶¶ 11, 15-17, 20, 22. The third-party complaint does not allege, and cannot plausibly assert,[2] that the claimed interference caused their purported failure to pay those arrears. Cf. Crossland Fed. Sav. Bank v. 62nd and First Assocs., L.P., No. 92 Civ. 4056, 1993 U.S. Dist. LEXIS 14332, *12-13 (S.D.N.Y. Oct. 12, 1993)(claim "that plaintiff participated in efforts 'to conspire with Cineplex to breach or repudiate its Lease with Associates'" was insufficient to establish that "plaintiff was the 'but for' cause of Cineplex's alleged breach" because that claim "in no way forecloses other reasons for Cineplex's decision to stop paying rent").

So ordered.

Dated: New York, NY
       August 8, 2008

                                        _____
                                        Louis L. Stanton
                                        U.S.D.J.

---

[2] That the sublandlord-plaintiff's calculations resulted in the Guarantee provisions being invoked (which they might not have been, if the third-party defendants had properly facilitated the subtenant substitution) is a matter between plaintiff and defendants, not third parties.

-5-